Scott Wellman, SBN: 82897
**WELLMAN & WARREN LLP**
24411 Ridge Route, Suite 200
Laguna Hills, CA 92653
Tel: (949) 580-3737
Fax: (949) 580-3738
swellman@w-wlaw.com

Attorneys for Plaintiffs,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| Blu Nail Bar, Inc.; Happy Nails & Spa of Barranca, Corp.; Happy Nails & Spa of Newport Ridge, Corp.; Irvine Market Place Investment, Inc. DBA Happy Nails & Spa of Irvine Market Place; Holly and Hudson, Inc.; Irvine Spectrum Investment Group, Inc. DBA Holly and Hudson Lounge; Happy Nails & Spa of Ocean Ranch, Corp. DBA Holly and Hudson of Laguna Niguel; SB Happy Nails & Spa, Inc. DBA Happy Nails & Spa of Seal Beach; Marina Del Rey Investment Group, LLC DBA Happy Nails & Spa Of Marina Del Rey; Holly and Hudson of Manhattan Beach, LLC DBA Holly and Hudson Nail Lounge; Spa Mind, Inc. DBA Holly and Hudson of Long Beach; Donna Tran, an individual; Thuy T. Thanh Le, an individual; Ha Dieu Tran, an individual; Jessie Tran, an individual; and Alisa Thuy Nguyen, an individual<br><br>            Plaintiffs,<br><br>vs.<br><br>GAVIN NEWSOM, Governor of the State of California; STEWART KNOX, Secretary of | Case No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

1

COMPLAINT

the California Labor & Workforce Development Agency; KATIE HAGEN, Director of the California Department of Industrial Relations; NANCY FARIAS, Director of the California Employment Development Department.  KRISTY UNDERWOOD, Executive Officer of the California Board of Barbering and Cosmetology; TONYA FAIRLEY, President of the Board of Barbering & Cosmetology;

            Defendants.

Comes now plaintiffs, Blu Nail Bar, Inc., Happy Nails & Spa of Barranca, Corp., Happy Nails & Spa of Newport Ridge, Corp., Irvine Market Place Investment, Inc., Holly and Hudson, Inc., Irvine Spectrum Investment Group, Inc., Happy Nails & Spa of Ocean Ranch, Corp. DBA Holly and Hudson of Laguna Niguel.(the "plaintiffs") who hereby allege as follows:

## INTRODUCTION

1. In California, approximately 82% of all nail manicurists/pedicurists ("nail technicians") are Vietnamese American and 85% of these are woman. These nail technicians are part of California's beauty industry and as with other professionals in the industry (barbers, hair stylist, make-up artist, estheticians), nail technicians must be licensed by the California Board of Barbering & Cosmetology. However, except for nail technicians, every other category of professionals in the beauty industry enjoys an exclusion in California law that allows them to be classified as independent contractors. In this regard, these professionals pay rent for use of space, operate their own business, and have their own clients. This business method has been the primary business method in the nail industry as well for more than thirty (30) years until, suddenly, California changed its law on January 1, 2025, targeting only nail professionals by prohibiting them from acting as independent contractors. There is no basis whatsoever for the distinction or

disparate treatment applied to nail technicians and the result is a severe and unjustified discrimination against the Vietnamese American community and woman in general. This lawsuit seeks only one thing—to make sure that all professionals in the beauty industry are treated equally and to eliminate the obvious discrimination against the Vietnamese community.

## JURISDICTION AND VENUE

2.     Jurisdiction of the subject matter of this action is established in that Defendants, acting as individuals under color of state law, have engaged in disparate treatment in violation of the Fourteenth Amendment of the Constitution of the United States. 28 U.S.C. §1983; §1988. Declaratory relief to determine this present actual controversy between the parties is authorized by 28 U.S.C. §2201 and §2202. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. §1331.

3.     Venue is proper in this District under 28 U.S.C. §1391(a) on the grounds that some or all of the conduct at issue took place in, and/or some or all of Defendants reside in, the Central District of California.

## PARTIES

4.     Plaintiff Blu Nail Bar, Inc., is a California corporation with its principal place of business in Newport Beach, CA. Blu Nail Bar, Inc. provides manicurist/pedicurist facilities and equipment which can be rented by nail technicians to engage in their business of providing nail services.

5.     Plaintiff Happy Nails & Spa of Barranca, Corp, is a California corporation with its principal place of business in Irvine, CA. Happy Nails & Spa of Barranca, Corp provides manicurist/pedicurist facilities and equipment which can be rented by nail technicians to engage in their business of providing nail services.

6.     Plaintiff Happy Nails & Spa of Newport Ridge, Corp., is a California corporation with its principal place of business in Newport Coast, CA. Happy Nails & Spa of Newport Ridge,

Corp provides manicurist/pedicurist facilities and equipment which can be rented by nail technicians to engage in their business of providing nail services.

7. Plaintiff Irvine Market Place Investment, Inc. DBA Happy Nails & Spa of Irvine Market Place, is a California corporation with its principal place of business in Irvine, CA. Happy Nails & Spa of Irvine Market Place Investment provides manicurist/pedicurist facilities and equipment which can be rented by nail technicians to engage in their business of providing nail services.

8. Plaintiff Holly and Hudson, Inc., is a California corporation with its principal place of business in Newport Beach, CA. Holly and Hudson, Inc. provides manicurist/pedicurist facilities and equipment which can be rented by nail technicians to engage in their business of providing nail services.

9. Plaintiff Irvine Spectrum Investment Group, Inc. DBA Holly and Hudson Nail Lounge is a California corporation with its principal place of business in Irvine, CA. Holly and Hudson Nail Lounge provides manicurist/pedicurist facilities and equipment which can be rented by nail technicians to engage in their business of providing nail services.

10. Plaintiff Happy Nails & Spa of Ocean Ranch, Corp. DBA Holly and Hudson of Laguna Niguel is a California corporation with its principal place of business in Laguna Niguel, CA. Holly and Hudson of Laguna Niguel provides manicurist/pedicurist facilities and equipment which can be rented by nail technicians to engage in their business of providing nail services.

11. Plaintiff, SB Happy Nails & Spa, Inc. DBA Happy Nails & Spa of Seal Beach is a California corporation with its principal place of business in Seal Beach, CA. Happy Nails & Spa of Seal Beach provides manicurist/pedicurist facilities and equipment which can be rented by nail technicians to engage in their business of providing nail services.

12. Plaintiff, Marina Del Rey Investment Group, LLC DBA Happy Nails & Spa Of Marina Del Rey is a California corporation with its principal place of business in Marina Del Rey,

CA. Happy Nails & Spa Of Marina Del Rey provides manicurist/pedicurist facilities and equipment which can be rented by nail technicians to engage in their business of providing nail services.

13. Plaintiff, Holly and Hudson of Manhattan Beach, LLC DBA Holly and Hudson Nail Lounge is a California corporation with its principal place of business in Manhattan Beach, CA. Holly and Hudson of Manhattan Beach provides manicurist/pedicurist facilities and equipment which can be rented by nail technicians to engage in their business of providing nail services.

14. Plaintiff, Spa Mind, Inc. DBA Holly and Hudson of Long Beach is a California corporation with its principal place of business in Long Beach, CA. Spa Mind, Inc. provides manicurist/pedicurist facilities and equipment which can be rented by nail technicians to engage in their business of providing nail services.

15. Plaintiff, Donna Tran, an individual resides in Orange County, California.

16. Plaintiff, Thuy T. Thanh Le, an individual resides in Orange County, California.

17. Plaintiff, Ha Dieu Tran, an individual resides in Orange County, California.

18. Plaintiff, Jessie Tran, an individual resides in Orange County, California.

19. Plaintiff, Alisa Thuy Nguyen, an individual resides in Orange County, California.

20. Defendants are representatives, employees and agents of the State of California who act individually under color of state law to enact, enforce, and/or interpret California Assembly Bill No. 5 ("AB-5") which governs how workers in the beauty industry will be classified as employees or independent contractors.

21. Defendants are sued in their individual capacities for the violation of Plaintiffs' civil rights under color of state law.

22. Defendant GAVIN NEWSOM is the governor of California, who is charged with enactment, enforcement, maintenance and interpretation of the laws of the State of California,

including AB-5.

23. Defendant Stewart Knox is the Secretary of the California Labor & Workforce Development Agency ("LWDA"). The LWDA oversees the agencies that are tasked with enforcing California labor laws. Such oversight includes overseeing the California Department of Industrial Relations and the California Employment Development Department.

24. Defendant KATIE HAGEN is the Director of the California Department of Industrial Relations ("DIR"). Ms. Hagen is also known as the California Labor Commissioner. The DIR is also known as the California Division of Labor Standards Enforcement ("DLSE"). The purpose of the DLSE is to engage in a robust enforcement of the California labor laws. As such, the DLSE enforces laws against employers who are alleged to have misclassified their workers as independent contractors.

25. Defendant NANCY FARIAS is the Director of the California Employment Development Department ("EDD"). The EDD is charged with enforcing the California Labor law relating to employee benefits such as unemployment benefits. As such, the EDD enforces laws against employers who are alleged to have misclassified their workers as independent contractors.

26. Defendant, KRISTY UNDERWOOD, is the Executive Officer of the California Board of Barbering and Cosmetology. Ms. Underwood oversees one of the largest barbering and cosmetology regulatory board in the county. As part of her duties she implements regulations relating to, inter alia, barbering, cosmetology, nail, and electrology services.

27. Defendant, TONYA FAIRLEY is the President of the Board of Barbering & Cosmetology (the "Board"). The Board adopts rules and regulations in aid or furtherance of the barbering, cosmetology, and manicurist/pedicurist services.

28. Defendants, and each of them, have held and continue to interpret AB-5 to require nail technicians to be employees and prohibit them to be independent contractors.

29. At all relevant times, Defendants, and each of them, were the agents,

representatives, employees and/or co-conspirators of the other Defendants, and were at all relevant times, acting within the course and scope of said relationship(s) and/or the wrongful acts of Defendants, and each of them, were ratified, authorized and/or adopted by the other Defendants.

## FACTS

30. The nail salon industry in California is dominated by Vietnamese workers and it is an industry that has become synonymous with the Vietnamese community. This had its beginnings in 1975 when Vietnamese refugees fled Vietnam which had suddenly fallen to the communist. Many of the refugees were known as "boat people" as they would escape the oppressive communist regime by being smuggled out of Vietnam by sea, taking with them only what they were wearing or could hold in their hands.

31. When the Vietnamese refugees arrived in the United States, most had no money and spoke little English. To earn a living many Vietnamese found a trade which they were skilled at and could provide a living --- the nail industry. Since these early beginning, the nail industry has prospered due to the hard work and entrepreneurial spirt of the Vietnamese worker to own their own business and service their own clients.

32. Today more than 82% of all nail technicians in California are Vietnamese American and 85% of these are women. For close to 40 years, the Vietnamese technicians used the business model of renting space from the salon and performing their nail profession services to their clients. This was the same model used by other cosmetology licensees such as barbers, hairstylists, and estheticians.

33. In 2018, the California Supreme Court in *Dynamex Operations West, Inc. v. The Superior Court of Los Angeles County* determined that the so-called ABC test should henceforth be used to determine whether a worker could be classified as an independent contractor. Under the ABC test, the State of California took the position that nail technicians could no longer be classified as independent contractors but were now employees of the salon.

34. Subsequent to the *Dynamex* case, the California legislature passed AB-5 which adopted the ABC test. However, AB-5 provided carve-outs or exceptions for certain classes of workers from the ABC test. These classes were able to maintain their classification as independent contractors as long as certain conditions were met.

35. One such exception was for workers in the beauty industry, including barbers, cosmetologists, hairdressers, estheticians, electrologists, and manicurists. This exception recognized the industry practice that had been in place for decades, that these workers operated their own businesses as independent contractors.

36. However, unlike the other categories in the beauty industry, the exception for manicurist (i.e. nail technicians) terminated on December 31, 2024, so that beginning January 1, 2025, nail technicians could no longer be classified as independent contractors.

37. Defendant Stewart Knox heads the LWDA. This state agency oversees the EDD and the DIR which are charged with enforcing the California labor laws. Both the EDD and the DIR, through the Division of Labor Standards Enforcement, have indicated that they will enforce the change in AB-5 that went into effect on January 1, 2025 which now prohibits nail technicians from working as independent contractors.

38. The penalties for misclassifying a worker as an independent contractor are severe and when the Defendants, as heads of their enforcement agencies, enforce the new rule prohibiting nail technicians from being independent contractors, the damage to the plaintiffs will be severe and irreparable. In this regard, the salon plaintiffs will be forced out of business and to close their doors. In addition, the salon plaintiffs will be subject to significant assessments and financial penalties that will be impossible to pay. As for the nail technicians, they will be subject to significant fines for failing to pay state taxes and other expenses. More importantly, the nail technicians will be forced to change their way of doing business which they created from scratch decades ago and have worked so hard to build into a successful business model. There is no remedy

at law sufficient to adequately compensate the plaintiffs for this sudden and abrupt change in their business and their life.

39. The damage to the Vietnamese community is even more disheartening as the Vietnamese refugees came to America with little or no money or possessions. They faced an almost insurmountable challenge to make it in American society. However, they found an industry and a business model that allowed them to meet this challenge and have now prospered in their individual businesses they worked tirelessly to build.

40. The California Board of Cosmetology is also charged with the duty of enforcing AB-5 as to workers in the beauty industry. The Board, through the defendant directors, is now preventing nail technicians from operating their own nail business as independent contractors but is instead requiring them to be employees of the salon where they provide their services.

41. There is no rational basis for this distinction between nail technicians and other categories in the beauty industry, all of which must be licensed by the California Board of Barbering and Cosmetology and all of which have for decades operated their own businesses as independent contractors.

42. Not only is there no logical or rational basis for treating nail technicians differently, but also the effect of this disparate treatment is a blatant discrimination against the Vietnamese American community.

43. Moreover, the disparate treatment also serves as direct discrimination against women as a gender because more than 85% of the nail technicians are women.

### FIRST CLAIM FOR RELIEF

**(Deprivation of a Constitutionally protected Rights in Violation of 42 U.S.C. §1983)**

**Against All Defendants**

44. Plaintiffs incorporate by reference and reallege paragraphs 1 through 43 of this Complaint.

45. The Fourteenth Amendment guarantees that no state shall deny any person within its jurisdiction equal protection of the laws.

46. AB-5 treats nail technicians differently from the other categories of workers in the beauty industry in that it permits the other categories to operate as independent contractors but does not permit nail technicians to operate as independent contractors.

47. The disparate treatment of nail technicians whereby all other licensees in the beauty industry, except nail technicians, are permitted to conduct their business as independent contractors violates the Fourteenth Amendment of the United States Constitution.

48. This different treatment negatively affects the nail technician's ability to conduct their chosen business.

49. This different treatment negatively affects the plaintiffs' ability as they can no longer rent their facilities and equipment to the nail technicians.

50. Because more than 82% of all nail technicians are Vietnamese, this disparate treatment discriminates against Vietnamese Americans and constitutes a de facto discrimination against the Vietnamese American community.

51. Because 85% of nail technicians are female, this disparate treatment constitutes a de facto discrimination against women as well.

52. The different treatment provided by AB-5 specifically burdens an ethnic group being the Vietnamese American. Therefore, the AB-5 statute should be subject to strict scrutiny. However, even if strict scrutiny is not applied, there is no rational basis for singling out nail technicians and treating them differently from the other category of workers in the beauty industry.

53. Plaintiffs have no adequate remedy at law other than this action for injunctive and declaratory relief.

54. An actual controversy exists between the parties, and plaintiffs are suffering ongoing irreparable harm by being denied the ability to operate their businesses in the same manner

as others do in the beauty industry. This harm will continue unless and until the Defendants are enjoined by this Court.

## SECOND CLAIM FOR RELIEF

**(Declaratory Relief that AB-5 Violates the Equal Protection Clause of the Fourteenth Amendment)**

**Against All Defendants**

55. Plaintiffs incorporate by reference and reallege paragraphs 1 through 54 of this Complaint.

56. AB-5 provides disparate treatment in that nail technicians are unable to operate as independent contractors whereas all other categories of workers in the beauty industry are allowed to operate as independent contractors.

57. The effect of this disparate treatment results in blatant discrimination against the Vietnamese American community and therefore works as a discrimination based on ethnicity. The section of AB-5 that provides this disparate treatment violates the Fourteenth Amendment of the United States Constitution.

58. The judicial review that should be applied to this portion of AB-5 should be subject to strict scrutiny. However, even if strict scrutiny is not applied, there is no rational basis to justify the disparate treatment.

59. Plaintiffs have no adequate remedy at law other than this action for injunctive and declaratory relief.

60. An actual controversy exists between the parties, and plaintiffs are suffering ongoing irreparable harm by being denied the ability to operate their businesses in the same manner as others do in the beauty industry. This harm will continue unless and until the Defendants are enjoined by this Court.

///

# THIRD CLAIM FOR RELIEF

### (Declaratory Relief that AB-5 Violates the Equal Protection Clause of the California Constitution)

### Against All Defendants

61. Plaintiffs incorporate by reference and reallege paragraphs 1 through 60 of this Complaint.

62. Article I, Section 7, Subdivision (a) of the California constitution is the California equal protection clause and prohibits the denial of equal protection under the law. This equal protection clause ensures that no resident of California is denied equal protection of the laws.

63. The provisions in AB-5 which treat nail technicians differently than other categories of licensees in the beauty industry violates the California equal protection clause.

64. Since the disparate treatment targets specifically the Vietnamese American community, these provisions of AB-5 result in discrimination based on ethnicity.

65. Plaintiffs have no adequate remedy at law other than this action for injunctive and declaratory relief.

66. An actual controversy exists between the parties, and plaintiffs are suffering ongoing irreparable harm by being denied the ability to operate their businesses in the same manner as others do in the beauty industry. This harm will continue unless and until the Defendants are enjoined by this Court.

## PRAYER

WHEREFORE, Plaintiffs respectfully pray as follows:

1. A declaration that the provisions of AB-5 that treat nail technicians differently from other beauty industry licensees (specifically the provisions that allow other licensees to work as independent contractors but not nail technicians) violates the Fourteenth Amendment of the United States Constitution and as such violates 42 U.S.C. §1983.

2. A declaration that the provisions of AB-5 that treat nail technicians differently from other beauty industry licensees (specifically the provisions that allow other licensees to work as independent contractors but not nail technicians) which violates Article I, Section 7, Subdivision (a) of the California Constitution (the California equal protection clause).

3. A preliminary and permanent injunction prohibiting Defendants from treating nail technicians differently from other licensees in the beauty industry.

4. An award to the Plaintiffs of costs of suit.

5. An award of reasonable attorneys' fees.

6. To retain jurisdiction of this action and grant Plaintiffs any further and other relief that may be deemed necessary or proper.

DATED: May 31, 2025                    **WELLMAN & WARREN**

                                       By:    */s/ Scott Wellman*
                                              SCOTT WELLMAN
                                              Attorneys for Plaintiffs